UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| GLASER VISION VENTURES, INC., ET AL. | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-3405 |
| DIRECTORY ASSISTANTS, INC. | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 6)** filed by Glaser Vision Ventures, Inc. ("St. Charles Vision").[1] The Defendant, Directory Assistants, Inc. ("Directory"), opposes the motion. The motion, set for hearing on July 24, 2009, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

## I.    BACKGROUND

The instant action arises out of a contract dispute involving an alleged consulting contract in which Directory would assist St. Charles Vision in saving money through Yellow Page advertising. Under the alleged contract, Directory would receive a percentage of the Yellow Page advertising savings created by its consulting work. On March 12, 2008, Directory entered into the

---

[1] St. Charles Vision is a management group that represents all of the plaintiffs, who are a collection of optometry shops in the greater New Orleans area.

alleged contract with an employee of St. Charles Vision. However, St. Charles Vision contends that the employee did not have authority to enter into the contract and it is not enforceable. When St. Charles Vision refused to pay invoices submitted by Directory, the Defendant attempted to initiate arbitration under the terms of the alleged contract.[2]

In response, St. Charles Vision filed an action in the 24th Judicial District Court for the Parish of Jefferson against Directory asking for a temporary restraining order and a declaratory judgment regarding the alleged contract. St. Charles Vision contends that it has no obligation to Directory under the contract.

Directory filed a timely Notice of Removal on April 29, 2009. Directory bases removal upon the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441, *et seq.*, arguing that all parties are diverse and that the amount in controversy is in excess of $75,000 upon information and belief. Specifically, Directory alleges the following regarding citizenship: the Plaintiffs are domiciled in Louisiana, and Directory is a Connecticut corporation with its principal place of business there as well.

Through the instant motion, St. Charles Vision moves for an order remanding this matter to state court on the grounds that there is no subject matter jurisdiction over the claim at issue. (Rec. Doc. 6). The Plaintiffs argue that there is not $75,000 in controversy even if the contract was

---

[2] The pertinent language of the Contract reads: "Should a dispute arise . . . we both agree to resolve any dispute arising our of or relating to this contract through confidential binding arbitration and agree mutually to choose an arbitration service, location, and choice of law forum." (Pl. Exh. 1).

breached as alleged, as the potential recovery is only $26, 393.40. (Mot. to. Rem. P. 3).

In opposition (Rec. Doc. 7)., the Defendant asserts that there is diversity jurisdiction and the matter is properly in federal court. Directory argues that in addition to the amount of the contract, it is also entitled to interest and liquidated damages equal to 40% of the year one renewal cost of the program,[3] which would exceed $75,000. (Mem. In Opp. p. 2-3). Therefore, Directory concludes that remand is not appropriate.

In reply, St. Charles Vision argues that Directory's calculations are erroneous, and even if the contract were breached, it would only be entitled to the liquidated damages under the contract. (Repl. Mem. p. 2). Further, St. Charles Vision contends that the liquidated damages under the contract would be $55,772.64 based on its baseline program (annualized cost of advertising) of $46,477.20, still less than the required amount in controversy. (*Id.* at 3).

In its sur reply, Directory argues that St. Charles Vision uses an incomplete baseline program in its calculation, and the correct baseline program is $63,914.40. (Supp. Mem. In Opp. p. 2). Directory further argues that under the contract and the liquidated damages provisions, 40% of that amount times three would meet the amount in controversy requirement. (*Id.*).

## II.    **DISCUSSION**

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citing 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)). The parties can never consent to

---

[3] The pertinent language of the contract reads: "If you [St. Charles Vision] breach this contract, we both agree to accelerate the fees due to a liquidated damages amount equal to the 40% fo the year one full renewal cost of the baseline program multiplied by three."

3

federal subject matter jurisdiction, and lack of such jurisdiction is a defense which cannot be waived. *Id.* (Citing Fed.R.Civ.P. 12(h)(3); *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 76, 62 S.Ct. 15, 20, 86 L.Ed. 47 (1941)). Accordingly, there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing the action to federal court. *Id.* (citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984); 1 J. Moore, Moore's Federal Practice § 0.71[5.-1] (1996)).

It is well established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *In re North American Philips Corp.*, 1991 WL 40259, at *2 (5th Cir. 1991). In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law. *Id.* Any doubts regarding whether removal jurisdiction is proper should be resolved in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

In the instant case, Defendant Directory removed the case to this Court and, consequently, bears the burden of establishing that jurisdiction is proper. The removing Defendant must also prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See Clayton v. American Security Insurance Company,* 466 F. Supp. 2d 720 (M.D. La. 2006) (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rehrg. denied*, 70 F.3d 26 (5th Cir. 1995). The Defendants may do so by either demonstrating that it is facially apparent from the face of the petition that the amount

exceeds $75,000, or by setting forth facts supporting a finding that the amount is adequate. (*Id.* at 722).

Having reviewed the memoranda submitted by the parties, the Court finds that the Defendant has not satisfied its burden. The Court finds the Defendant's arguments regarding the amount in controversy to be unpersuasive, and is unconvinced that Directory has met its burden of proof at this stage of the proceedings. Further, there is a factual dispute regarding the amount of the "baseline program" that should be used to calculate the possible liquidated damages in this case, and it is reasonable to conclude that the amount provided by St. Charles Vision could be correct. It is also well established that any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 6)** filed by St. Charles Vision is **GRANTED**;

**IT IS FURTHER ORDERED** that the **Motion to Stay Proceedings (Rec. Doc. 8)** is **DENIED AS MOOT**.

July 2, 2009

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE